On appeal, the defendant argues that the judge erred in finding sufficient evidence that she committed three acts of harassment and in entering a G. L. c. 258E harassment prevention order against her. We affirm.
Background. We summarize the facts consistent with the judge's findings and the available record. The plaintiff and the defendant have been professional colleagues for approximately fifteen years. They worked together at a school and later at a local organization. They began a dating relationship that lasted about one year, during which time the defendant allegedly provided the plaintiff with various gifts and money. By August, 2016, the relationship ended.
After the relationship ended, the defendant approached the plaintiff at the school and demanded that he return the money she claimed to have loaned him during the relationship. During this confrontation, the defendant told the plaintiff, "You're going to get what's coming to you." The defendant then followed up this in-person demand by sending the plaintiff an electronic mail message (e-mail) stating that there would be "repercussions" if he did not repay the supposed debt.
Approximately two weeks later, the defendant again approached the plaintiff at the school demanding the return of her money. This time, she was not alone; she brought a large male companion who "intimidate[d]" the plaintiff and verbally berated him. The police were called to the scene.
Following this episode, the plaintiff began receiving letters at both the school and his home. Most of the approximately sixty letters were anonymous, but each of them had the same general tone: he was accused of being a liar and a cheater and that he would face retribution for his actions. The plaintiff believed the defendant authored the letters because they utilized unique language that the defendant had used in the past and some were placed in a location only accessible to a limited number of school employees.
By December, 2016, the plaintiff's vehicle had been vandalized on three different occasions. He believed that the defendant was responsible for the property damage because she sent him an e-mail that referenced that he had stopped parking in the organization's parking lot. In January, 2017, the defendant went to the organization while the plaintiff was working and parked her vehicle in front of the plaintiff's vehicle, thereby blocking its exit. The organization has two large parking areas. The defendant was not scheduled to work at that time. The plaintiff captured the incident on videotape.
Following that incident, the plaintiff filed an application for a harassment prevention order pursuant to G. L. c. 258E. The plaintiff's affidavit in support recounted the above described incidents. In February, 2017, after an evidentiary hearing during which both parties testified, a judge found that the plaintiff had provided sufficient evidence of harassment and issued the order for one year. This appeal followed.[2]
Discussion. On review of a harassment prevention order issued pursuant to G. L. c. 258E, "we consider whether the judge could find, by a preponderance of the evidence, together with all permissible inferences, that the defendant committed '[three] or more acts of willful and malicious conduct aimed at a specific person committed with the intent to cause fear, intimidation, abuse or damage to property and that [did] in fact cause fear, intimidation, abuse or damage to property.' " A.T. v. C.R., 88 Mass. App. Ct. 532, 535 (2015), quoting from G. L. c. 258E, § 1. "The plaintiff bears the burden of proving that each of the three qualifying acts was maliciously intended, defined by G. L. c. 258E, § 1, as being 'characterized by cruelty, hostility or revenge,' and that each act was intended by the defendant to place the plaintiff in 'fear of physical harm or fear of physical damage to property.' " A.T., supra, quoting from O'Brien v. Borowski, 461 Mass. 415, 427 (2012). "[I]t is 'the entire course of harassment, rather than each individual act, that must cause [the plaintiff] fear or intimidation.' " A.T., supra, quoting from O'Brien, supra at 426 n.8.
Here, the record supports the judge's finding that the defendant committed at least three acts meeting the statutory criteria: (1) the defendant's first confrontation with the plaintiff at the school when the defendant threatened him with retribution if he did not return her money; (2) the defendant's second confrontation with the plaintiff at the school when the defendant again demanded repayment and brought a large male companion to support her; and (3) the defendant's action in using her vehicle to block the plaintiff's vehicle in the organization's parking lot. The defendant's use of threatening language and physical displays of force "reasonably support an inference that [s]he intended to cause the plaintiff fear and intimidation." A.T., supra at 538. Based on the evidence, the judge, who credited the plaintiff's testimony, reasonably concluded that the defendant's course of conduct, taken as a whole, caused the plaintiff fear of physical harm or property damage.
Order entered February 8, 2017, affirmed.

The plaintiff has not filed a brief on appeal.